**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ANTONIO JARA, | No. 12-16060 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00419-LB |
| v. | |
| AURORA LOAN SERVICES, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding**

Submitted January 20, 2016***

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\**       The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\***       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jose Antonio Jara appeals pro se from the district court's judgment dismissing his action alleging foreclosure-related federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014). We affirm.

The district court properly dismissed Jara's Truth in Lending Act claim because Jara failed to allege facts sufficient to show that Aurora Loan Services, LLC ("Aurora") was a "new owner or assignee of the debt." 15 U.S.C. § 1641(g)(1).

The district court properly dismissed Jara's Fair Debt Collection Practices Act claims because Aurora was not a debt collector under 15 U.S.C. § 1692a(6)(F)(iii) where it assumed servicing responsibilities to Jara's loan prior to any default. *See De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1074-75 (9th Cir. 2011) (explaining that a defendant is exempt from the definition of "debt collector" under § 1692a(6)(F)(iii) because it acquired the right to collect a debt before the debt was in default).

The district court properly dismissed Jara's quiet title and cancellation of instrument claims because Jara failed to allege facts sufficient to show tender in the amount of his indebtedness or that the foreclosure sale was void. *See Lueras v.*

*BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 835 (Ct. App. 2013) ("A borrower may not . . . quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based."); *Karlsen v. Am. Sav. & Loan Ass'n*, 92 Cal. Rptr. 851, 854 (Ct. App. 1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.").

The district court properly dismissed Jara's California's Unfair Competition Law and declaratory judgment claims because Jara's conclusory allegations failed to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We do not address Jara's claim that Aurora utilized fabricated mortgage documents because this claim was not presented to the district court. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n.3 (9th Cir. 2007) ("Because these arguments were not raised before the district court, they are waived.").

We treat Jara's September 11, 2015 filing as a second request for a temporary restraining order, and deny the request.

12-16060

Jara's motion for an extension of time to file a motion for reconsideration, filed on September 28, 2015, is denied.

**AFFIRMED**.